**FEDERAL DEPOSIT INSURANCE CORPORATION, a United States corporation, Plaintiff,**

v.

**BANK OF BOULDER, a Colorado corporation, Defendant.**

**Civ. A. No. 85–Z–764.**

United States District Court, D. Colorado.

Dec. 4, 1985.

Robert A. Zupkus, Nancy V. Curtis, White and Steele, P.C., Denver, Colo., for plaintiff.

Richard L. Eason, Pamela K. Pritzel, Eason, Sprague & Wilson, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

This is an action by the Federal Deposit Insurance Corporation (FDIC) in its corporate capacity seeking to enforce a letter of credit issued by the defendant Bank of Boulder. The matter is before the Court on defendant's Motion to Dismiss. Defendant's Motion was set for hearing on November 14, 1985, and was granted at that time. The Court is issuing a written opinion because of the unusual circumstances and the impact of this decision on other enforcement actions by the FDIC.

In its Motion to Dismiss the Bank of Boulder raises two issues which place the FDIC on the horns of a dilemma. On the one hand, the Bank of Boulder challenges the federal court's jurisdiction to hear this action because defendant asserts the FDIC is essentially proceeding in its capacity as a receiver. Only if plaintiff is suing in its corporate capacity would the federal court have jurisdiction. On the other hand, defendant argues, if the FDIC is proceeding in its corporate capacity and jurisdiction is good, it cannot enforce a non-transferable letter of credit. Only FDIC as receiver can arguably enforce a non-transferable letter of credit because it received this asset by operation of law, and not by sale.

The jurisdictional issue is governed by 12 U.S.C. § 1819 Fourth. That section provides as follows:

All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

The defendant contends that this action falls within the exception clause in § 1819 and jurisdiction is proper only in the state courts. This Court is satisfied that, if the FDIC is proceeding in its corporate capacity, jurisdiction in this Court is proper; the question is whether the FDIC is proceeding as receiver or in its corporate capacity.

■ The capacity question is resolved by addressing the second issue: Does the FDIC as corporation have the right to draw on a non-transferable letter of credit issued by the Bank of Boulder to the Dominion Bank of Denver? The letter of credit was issued by the Bank of Boulder to secure a promissory note from Gil Reed in favor of the Dominion Bank of Denver for $22,500. Mr. Reed defaulted on the promissory note and the FDIC, which was appointed receiver by the State Banking Commissioner, is attempting to enforce the letter of credit. The letter of credit did not explicitly state that it was transferable or assignable. Therefore, by statute, the letter of credit is non-transferable. The Uniform Commercial Code provision, which is enacted in Colorado as C.R.S. § 4–5–116(1), provides that "the right to draw under a credit can be transferred or assigned only when the credit is expressly designated as transferable or assignable." The letter of credit specifically states: "This credit is subject to the 'Uniform Customs and Practice for Documentary Credits' (1974 Revision), International Chamber of Commerce Brochure No. 290." Article 46 of the Uniform Customs also provides that the right to draw under a letter of credit cannot be assigned.

■ This non-transferable letter of credit was transferred by operation of law from Dominion Bank of Denver to the State Banking Commissioner, C.R.S. § 11–5–102, and by the State Banking Commissioner to the FDIC as receiver, pursuant to statute, C.R.S. § 11–5–105. While these "transfers" appear to be legitimate, the transfer from FDIC as receiver to FDIC Corporation does not. The state court judge, in his Order Approving Sale of Assets and Transfer of Liabilities of Receiver, approved a "sale" of certain assets, including the letter of credit at issue, from the "FDIC as Receiver of the Bank ... to the FDIC in its corporate capacity." Exhibit C to plaintiff's Brief in Opposition to Defendant's Motion to Dismiss. This sale was a transaction in violation of the non-transferability requirement of the letter of credit.

It was the sale from FDIC as receiver to FDIC as corporation that created the Catch-22 problem. If the transfer was valid, then the FDIC is proceeding in its corporate capacity and jurisdiction in this Court is proper. If, on the other hand, the transfer was a violation of the terms of the letter of credit, then the FDIC may not proceed in its corporate capacity but must proceed in its capacity as receiver. If the FDIC is proceeding as receiver, however, jurisdiction is proper in the state courts but not the federal court, pursuant to 12 U.S.C. § 1819.

■ The Court concludes that the sale of the letter of credit to FDIC in its corporate capacity is a violation of the terms of the letter of credit. Defendant's counsel conceded at the hearing that, in light of this ruling, the transfer was void. Accordingly, the FDIC as receiver is the proper beneficiary to draw on the nontransferable letter of credit. The FDIC as corporation is not properly before this Court and the Motion to Dismiss is granted. The FDIC may proceed as receiver, however, in the state court. Therefore, it is

ORDERED that defendant Bank of Boulder's Motion to Dismiss is granted without prejudice to suit by the FDIC as receiver in the state court.